IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. DUBOSE, | CASE NO. 5:11-cv-03264 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SUNTRUST MORTGAGE, INC., | [Docket Item No. 10] |
| Defendant(s). | |

Plaintiff Steven M. Dubose ("Plaintiff") commenced the instant action challenging a now-completed foreclosure of real property located in San Jose, California. Presently before the court is Defendant Suntrust Mortgage, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint. See Docket Item No. 10. Plaintiff did not file written opposition to the Motion. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

For the reasons stated below, Defendant's Motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about July 11, 2005, Plaintiff obtained two loans from Defendant - one for $628,800.00 and one for $78,600.00. See Compl., Docket Item No. 1, at ¶ 5; see also Req. for Judicial Notice ("RJN"), Docket Item No. 10, at Exs. 1, 2.[1] The loans were secured by Deeds of

---

[1] Defendant's RJN is granted in its entirety. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1
CASE NO. 5:11-cv-03264 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Trust naming Rebecca W. Shaia as the trustee and Mortgage Electronic Registration Systems, Inc. as the beneficiary. See RJN, at Exs. 1, 2.

Plaintiff became unable to make the monthly payments due on the loans. See Compl., at ¶ 11. As a result, Defendant caused to be recorded a Notice of Default on September 4, 2009. See id., at ¶ 81; see also RJN, at Ex. 3. The Notice of Default was recorded by "Trustee Corps. as agent for Suntrust Mortgage, Inc." See RJN, at Ex. 3. A Substitution of Trustee replacing Rebecca M. Shaia with Trustee Corps. and a Notice of Trustee's Sale were thereafter recorded on March 17, 2010. See RJN, at Exs. 4, 5. The property was ultimately sold to Parkvale Savings Bank on April 1, 2011, at the ensuing trustee's sale. See RJN, at Ex. 6.

Plaintiff filed this action on July 1, 2011. This motion followed.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly

submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

Although the Complaint is sizable - the written portion itself is 75 pages long exclusive of exhibits - it nonetheless fails to meet the applicable pleading standard for two primary reasons: (1) Plaintiff has not provided sufficient factual information and (2) the legal theories underlying each of Plaintiff's claims are not cognizable.

#### A. Plaintiff has Failed to Provide Sufficient Facts

To begin, Plaintiff has not provided sufficient factual information to support his claims. Generally, it appears Plaintiff has utilized portions of a publicly-available form complaint but has neglected to tailor the final version to the specific facts of this case. The result is a Complaint which, for the most part, consists of vague allegations, irrelevant material, lists of general elements without development or application, and legal conclusions. That is not enough. Although the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff appearing pro se, a complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotations omitted). Plaintiff has missed this mark, even under a liberal reading of the Complaint.

More specifically, additional factual information is critical here considering the type of claims Plaintiff appears to plead. Two of Plaintiff's claims arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the

3
CASE NO. 5:11-cv-03264 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement
2  imposed by the FDCPA.  See, e.g., Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354,
3  1363 (N.D. Ga. 2011); McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1278 (M.D. Fla. 2008);
4  Fenn v. CIR, Law Offices, No. 1:10-CV-01903-OWW-SMS, 2011 U.S. Dist. LEXIS 23141, at *5,
5  2011 WL 850131 (E.D. Cal. Mar. 8, 2011).
6        The first and second required elements of a FDCPA claim are problematic under the current
7  version of the Complaint.  As to the first element, a foreclosure sale resulting from an obligor's
8  default on a deed of trust cannot be classified as "debt collection."  Diessner v. Mortgage Electronic
9  Registration Systems, Inc., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009); see also, e.g., Zhang v.
10 Countrywide Home Loans, Inc., No. 11-cv-03475 (NC), 2012 U.S. Dist. LEXIS 51992, at *28, 2012
11 WL 1245682 (N.D. Cal. Apr. 13, 2012) (noting that numerous district courts throughout the Ninth
12 Circuit have determined a foreclosure is not "debt collection" under the FDCPA); Garcia v.
13 American Home Mortg. Serv., Inc., No. 11-CV-03678-LHK, 2011 U.S. Dist. LEXIS 142039, at
14 *13-17, 2011 WL 6141047 (N.D. Cal. Dec. 9, 2011) ("[N]on-judicial foreclosure does not constitute
15 'debt collection' as defined by the [FDCPA]"); Garfinkle v. JPMorgan Chase Bank, No. C 11-01636
16 CW, 2011 U.S. Dist. LEXIS 81054, at *7-10, 2011 WL 3157157 (N.D. Cal. July 26, 2011); Geist v.
17 OneWest Bank, No. C 10-1879 SI, 2010 U.S. Dist. LEXIS 113985, at *5-8, 2010 WL 4117504
18 (N.D. Cal. Oct. 19, 2010); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW, 2010 U.S. Dist. LEXIS
19 92018, at *2-4, 2010 WL 3154087 (N.D. Cal. Aug. 9, 2010); Landayan v. Washington Mut. Bank,
20 No. C-09-00916 RMW, 2009 U.S. Dist. LEXIS 93308, at *6-7, 2009 WL 3047238 (N.D. Cal. Sept.
21 18, 2009).  Since such activity appears to form the entire basis of Plaintiffs' claim as presently plead,
22 the claim is deficient without facts explaining some other basis for liability.
23        Regarding the second element, a "debt collector" under the FDCPA is either (1) "a person"
24 the "principal purpose" of whose business is the collection of debts; or (2) "a person" who
25 "regularly" collects debts on behalf of others.  15 U.S.C. § 1692a(6).  "[A]s a matter of law a 'debt
26 collector' under the FDCPA cannot be a consumer's creditor."  Rispoli v. Bank of America, No.
27 C11-362RAJ, 2011 U.S. Dist. LEXIS 85053, at *7, 2011 WL 3204725 (W.D. Wash. July 1, 2011).
28 Here, the only named defendant in this action is Plaintiff's creditor.  See Compl., at ¶ 5.  That being

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

the case, the FDCPA claims fails because Plaintiff has not identified a qualifying "debt collector."

Plaintiff also brings a claim for wrongful foreclosure. This claim is defective mainly because Plaintiff has not demonstrated an offer or ability to tender the amount owed. Tender is a condition precedent to any challenge to the regularity or the validity of foreclosure proceedings when, as here, judicially-noticeable documents seemingly show that the correct party initiated the foreclosure proceeding. See Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003); see also Mikels v. Estep, No. C-12-0056 EMC, 2012 U.S. Dist. LEXIS 51733, at *15-16, 2012 WL 1231832 (N.D. Cal. Apr. 12, 2012).

Plaintiff's third claim is for slander of title. The elements of slander of title in California are: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." Manhattan Loft, LLC v. Mercury Liquors, Inc., 173 Cal. App. 4th 1040, 1051 (2009). Plaintiff's particular claim is deficient because it is based exclusively on the foreclosure sale. "[A]ny notice or communication that [is] issued in the course of performing duties related to [a] non-judicial foreclosure sale" is a privileged communication pursuant to California Civil Code § 47, and is therefore "not actionable." Richards v. Bank of America, N.A., No. C 10-01163 CW, 2010 U.S. Dist. LEXIS 92389, at *10-11, 2010 WL 3222151 (N.D. Cal. Aug. 13, 2010) (citing Cal. Civ. Code § 2924(d)). Additional facts relating to matters outside the foreclosure must be alleged for Plaintiff to state a claim.

**B.     Plaintiff has Failed to Plead a Cognizable Legal Theory**

In addition to the factual shortcomings, Plaintiff has not articulated a cognizable legal theory. District courts in California have consistently rejected Plaintiff's contention that the foreclosure process is invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps, 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *9-10, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009); Putkkuri v. ReconTrust Co., 08CV1919WQH (AJB), 2009 U.S. Dist. LEXIS 32, at *5-6, 2009 WL 32567 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 U.S. Dist. LEXIS 98068, at *25, 2007 WL 2140640 (S.D. Cal. July 23, 2007). As has the California Court of Appeal. See Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal. App. 4th 433, 440 (2012) ("We likewise see nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not

5
CASE NO. 5:11-cv-03264 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

possess the original promissory note."). This is because California Civil Code § 2924 and its related statutes establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial foreclosures, and do not require the person initiating foreclosure to have physical possession of the promissory note. "Under Civil Code section 2924, no party needs to physically possess the promissory note." Sicairos v. NDEX West, 08CV2014-LAB (BLM), 2009 U.S. Dist. LEXIS 11223, at *6-7, 2009 WL 385855 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1).

District courts have also rejected general theories of liability based on securitization of the underlying debt. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No. 3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at *16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice."). Plaintiff has not offered any reason for this court to deviate from the conclusions of its contemporaries. The cases[2] cited by Plaintiff in the Complaint,

---

[2] The only case binding on this court is Aetna Life Insurance Company v. Middleport, 124 U.S. 534 (1888), which Plaintiff cites for the proposition that "[t]he undisclosed note buyer, a mortgage-backed-security, cannot foreclose because they do not have the right of subrogation as a stranger to the transaction." To the extent such a premise can be attributed to that case, it is

6
CASE NO. 5:11-cv-03264 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

apparently in support of this theory, are each distinguishable.

Furthermore, the court finds that any claims based on a "vapor money" or illusory loan theory have no basis in law and cannot succeed to defeat a foreclosure initiated as a result of Plaintiff's admitted default. See Davis v. Citibank West, FSB, No. 10-CV-04477-LHK, 2011 U.S. Dist. LEXIS 30861, at *11-12 (N.D. Cal. Mar. 24, 2011) (noting that "vapor money" claims "have been brought and rejected across the United States for over 25 years.").

### C. Conclusion

As evident from the discussion above, Plaintiff's Complaint does not meet the pleading standard described in Federal Rule of Civil Procedure 8. The Complaint is also confusing and rambling. It will be dismissed with leave to amend for these reasons in order to allow Plaintiff the opportunity to remedy the identified defects. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996).

### IV. ORDER

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED. The Complaint is DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed within thirty days of the date this order is filed. Plaintiff is advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice.

**IT IS SO ORDERED.**

Dated: April 19, 2012

EDWARD J. DAVILA
United States District Judge

---

nonetheless off-point. There, Aetna sued to enforce certain bearer bonds originally issued by the town of Middleport to a railroad company in lieu of payment for the construction of a railroad track through the town. Although the bonds were determined void, Aetna argued it was nonetheless entitled to payment under a theory of *equitable* subrogation. But the Court held that subrogation did not apply because Aetna did not actually pay off the debt underlying the bonds upon purchase.

Here, in contrast, Plaintiff's obligation to pay on the loan he obtained from Defendant is based on a contract - one that has not been declared void - which includes a specific provision allowing for the transfer of the debt. See RJN, at Exs. 1, 2 ("The Note or a partial interest in the Note . . . can be sold one or more times without prior notice to borrower."). Equitable principles of recovery are not at issue.